IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| ANN PAYNE and DANIELLE WELDEN, ) ) ) | |
| Plaintiffs, ) ) | 7:23-cv-01193-LSC |
| v. ) ) | |
| STATE FARM FIRE AND CASUALTY COMPANY[1] and CODY MORDECAI STATE FARM INSURANCE AGENCY, ) ) ) ) ) | |
| Defendants. ) | |

**MEMORANDUM OF OPINION**

Before the Court is Defendant Cody Mordecai State Farm Insurance Agency (hereinafter "the Mordecai Agency")'s Motion to Dismiss (Doc. 3), Defendant State Farm Fire and Casualty Company (hereinafter "State Farm")'s Motion to Dismiss (Doc. 4), Plaintiffs Ann Payne and Danielle Welden's Motion to Remand (Doc. 12), and Defendants' Motion to Strike Plaintiffs' Reply to Defendants' Response to Plaintiffs' Motion to Remand (Doc. 19). The motions are fully briefed and are ripe for review.

---

[1] As Defendants explain, "State Farm Fire and Casualty Company was incorrectly designated in Plaintiffs' Complaint as 'State Farm Insurance Company.'" (Doc. 4 at 1 n.1.)

1

For the reasons stated below, Plaintiffs' Motion to Remand (Doc. 12) is due to be denied, and Defendant Mordecai Agency's Motion to Dismiss (Doc. 3) is due to be granted. Defendants' Motion to Strike Plaintiffs' Reply to Defendants' Response to Plaintiffs' Motion to Remand (Doc. 19) is moot. The Court will allow Plaintiffs twenty (20) days to amend the Complaint to state a cognizable claim against State Farm, if they can do so. If Plaintiffs do not sufficiently amend the Complaint, then upon further motion, the Court will dismiss this action.

## I.     Background[2]

The Mordecai Agency sold, and State Farm issued, Plaintiffs a homeowner's insurance policy on their residence located at 57 Calvary Trail, Equality, Alabama. (Doc. 1-1 ¶¶ 3–4.) The policy was active from May 29, 2021 to May 29, 2022. (Doc. 3-1). Plaintiffs allege that the Mordecai Agency represented to Plaintiffs that "they had full homeowner's coverage for residence and contents coverage." (Doc. 1-1 ¶¶ 4, 23.)

On or about May 24, 2022, a water line ruptured, causing the Plaintiffs' residence to be destroyed by a fire. (*Id.* ¶ 3.) This fire caused both total structural and personal property loss. (*Id.*) Plaintiffs allege that they paid all premiums through

---

[2] The following "facts" are taken from Plaintiffs' Complaint (Doc. 1-1), and the Court makes no ruling on their veracity.

the time of the fire. (*Id.* ¶ 5.) However, State Farm refused to pay benefits to Plaintiffs under the policy. (*Id.* ¶¶ 6, 11.)

The Plaintiffs initially filed suit in the Circuit Court of Sumter County, Alabama, on July 31, 2023. (*Id.*) The Mordecai Agency and State Farm filed a timely Notice of Removal on September 11, 2023, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). (Doc. 1.) Defendants acknowledge that they are not completely diverse from the Plaintiffs, as both the Mordecai Agency and the Plaintiffs are citizens of Alabama. (Doc. 1 ¶¶ 7, 24.) However, Defendants assert that the Mordecai Agency was fraudulently joined to destroy diversity, and thus, its citizenship should be disregarded. (Doc. 1 ¶ 3.) Defendants also filed Motions to Dismiss, asserting that Plaintiffs' claims fail as a matter of law. (Doc. 3; Doc. 4.)

On September 27, 2023, Plaintiffs responded to the Motions to Dismiss, asserting that they had stated cognizable claims. (Doc. 10; Doc. 11.) Plaintiffs also filed a Motion to Remand, claiming that the Mordecai Agency was not fraudulently joined and thus this Court lacked subject matter jurisdiction over this action. (Doc. 12.)

**III.   Analysis**

Without subject matter jurisdiction, a court cannot proceed and must dismiss. *See Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). Therefore, the Court first evaluates Plaintiffs' Motion to Remand in conjunction with

Defendant Mordecai Agency's Motion to Dismiss, determining whether the Mordecai Agency was properly joined and thus whether the Court has subject matter jurisdiction over this action. If the Court determines that it has subject matter jurisdiction, the Court will then evaluate Defendant State Farm's Motion to Dismiss.

### A. Plaintiffs' Motion to Remand and the Mordecai Agency's Motion to Dismiss

Because Defendants assert that this case falls within the Court's diversity jurisdiction, the Court must determine whether 1) the amount in controversy exceeds $75,000 and 2) whether there is complete diversity of citizenship between plaintiffs and defendants, when excluding fraudulently joined parties. 28 U.S.C. § 1332(a); *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005). The Defendants, as the removing parties, bear the burden of establishing that removal was proper. *See Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921). Any doubt about the existence of federal jurisdiction "should be resolved in favor of remand to state court." *City of Vestavia Hills v. Gen. Fid. Ins. Co.*, 676 F.3d 1310, 1313 (11th Cir. 2012) (internal citations and quotation marks omitted).

#### a. Amount in Controversy

Starting with the amount in controversy, the Court is satisfied that the alleged damages exceed $75,000. While Plaintiffs did not demand a specific amount in damages in their prayer for relief, Defendants' notice of removal "include[s] a plausible allegation that the amount in controversy exceeds the jurisdictional

threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). Removal is proper based on the amount asserted by a defendant in the notice of removal "if the district court finds, by the preponderance of evidence, that the amount in controversy exceeds the amount specified in section 1332(a)." 28 U.S.C. § 1446(c)(2)(B). The Court may make "'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings" to determine whether the amount in controversy is satisfied. *Roe v. Michelin North America, Inc.*, 613 F.3d 1058, 1061–62 (11th Cir. 2010) (quoting *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010)).

Here, Plaintiffs alleged that a fire occurred at their home, which was insured by State Farm, and that the fire resulted in "total structural destruction" and "total destruction of all personal contents." (Doc. 1-1 ¶¶ 3,4.) According to the policy, State Farm insured losses to the home up to $648,000 and losses to the home's contents up to $486,000. (Doc. 1 ¶ 33; Doc. 1-2 at 11.) Plaintiffs attached an estimated list of replacement cost from the fire damage estimated at $604,829.58. (Doc. 11-4 at 1.) And in their Motion to Remand, Plaintiffs do not dispute that the amount in controversy is over the statutory minimum. (Doc. 12 at 2.) Therefore, this Court is satisfied that the amount in controversy exceeds $75,000, exclusive of interest and costs.

**b. Complete Diversity of Citizenship**

The Court next evaluates whether there is complete diversity of citizenship. As previously mentioned, this assessment turns on whether the Mordecai Agency is fraudulently joined as a defendant.

"Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity." *Triggs v. John Crump Toyota*, 154 F.3d 1284, 1287 (11th Cir. 1998). There are three types of fraudulent joinder. *Id.* The relevant type to this case occurs when "there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant." *Id.* The burden on the removing party to prove fraudulent joinder is a "heavy one." *Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1332 (11th Cir. 2011) (per curiam) (quoting *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997)).

"If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to state court." *Stillwell*, 663 F.3d at 1333 (quoting *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440–41 (11th Cir. 1983), *superseded by statute on other grounds*, 28 U.S.C. § 1441(a)). Compared to the standard used in assessing Federal Rule 12(b)(6) motions to dismiss, the pleading standard for surviving fraudulent joinder "is a lax one." *Stillwell*, 663 F.3d at 1333. Rather than the plausibility standard, which requires the complaint to "state a claim to relief that is plausible on its face," *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)), a fraudulent joinder claim can be defeated by showing that the claim has "a possibility of stating a valid cause of action" under the state law pleading standard, *Stillwell*, 663 F.3d at 1333 (quoting *Triggs*, 154 F.3d at 1287). *See Kimball v. Better Bus. Bureau of W. Fla.*, 613 F. App'x 821, 823 (11th Cir. 2015).

When assessing possibility, the Eleventh Circuit has stated that "[i]n considering possible state law claims, possible must mean more than such a possibility that a designated residence can be hit by a meteor tonight. That is possible. Surely, as in other instances, reason and common sense have some role." *Legg v. Wyeth*, 428 F.3d 1317, 1325 n.5 (11th Cir. 2005) (internal quotations omitted). Briefly stated, "[t]he potential for legal liability 'must be reasonable, not merely theoretical.'" *Id.* (quoting *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002)).

In determining whether Plaintiffs have stated reasonably possible claims against the Mordecai Agency under the Alabama state law pleading standard, "Rule 8, Ala. R. Civ. P., provides that a complaint is sufficient if it puts a defendant on notice of the claims asserted against him or her." *Childers v. Darby*, 163 So. 3d 323, 327 (Ala. 2014). As the Alabama Supreme Court has explained, generally under Ala. R. Civ. P. 8, "it is never proper to dismiss a complaint if it contains even a generalized statement of facts which will support a claim for relief." *Dunson v.*

7

*Friedlander Realty*, 369 So. 2d 792, 796 (Ala. 1979). However, "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Ala. R. Civ. P. 9(b). "Thus, under Rule 9, for a pleading to state a claim of fraud, '[t]he pleading must show [the] time, [the] place, and the contents or substance of the false representations, the facts misrepresented, and an identification of what has been obtained'" from the pleader as a result of the fraud. *Bethel v. Thorn*, 757 So. 2d 1154, 1158 (Ala. 1999) (quoting *Phillips Colls. of Ala., Inc. v. Lester*, 622 So. 2d 308, 311 (Ala. 1993)) (internal quotation marks omitted).

With these relevant pleading standards in mind, the Court evaluates the sufficiency of the claims asserted against the Mordecai Agency. Because all parties agree that Count VII: Outrage is due to be dismissed (Doc. 10 at 12; Doc. 16 at 9), the Court recognizes that Plaintiffs have not asserted an outrage claim against the Mordecai Agency and discusses it no further.

### i.    Count I: Breach of Contract and Count III: Bad Faith

Plaintiffs first allege that the Mordecai Agency breached the insurance contract. (Doc. 1-1 ¶ 6.) "The elements for a breach-of-contract claim under Alabama law are (1) a valid contract binding the parties; (2) the plaintiffs' performance under the contract; (3) the defendant's nonperformance; and (4) resulting damages." *Dupree v. PeoplesSouth Bank,* 308 So. 3d 484, 490 (Ala. 2020) (quoting *Shaffer v. Regions Fin. Corp.*, 29 So. 3d 872, 880 (Ala. 2009)). A nonparty

to an insurance contract cannot be liable for a breach of contract claim. *See Ligon Furniture Co. v. O.M. Hughes Ins., Inc.*, 551 So. 2d 283, 285 (Ala. 1989).

Plaintiffs have not stated a cognizable breach of contract claim against the Mordecai Agency because, under Alabama law, an independent insurance agency is not a party to an insurance contract between an insured and an insurance company. *See Ligon Furniture Co.*, 551 So. 2d at 285; *Pate v. Rollison Logging Equip., Inc.*, 628 So. 2d 337, 343 (Ala. 1993); *Mobile Ins., Inc. v. Smith*, 441 So. 2d 894, 897–98 (Ala. 1983). This conclusion is buttressed by the face of the insurance policy at issue, which shows that only Plaintiff Ann Payne and Defendant State Farm were parties to the contract. (Doc. 3-1.)[3] Cody Mordecai, the sole member of the Mordecai Agency, is merely listed as "the agent" on the policy. (Doc. 3-1.) In contrast, State Farm, the undisputed issuer of the policy, is listed throughout the policy. (*Id.*) The Plaintiffs therefore cannot, under the facts alleged, possibly prove a breach of contract claim against the Mordecai Agency.

Plaintiffs also assert a bad faith claim against the Mordecai Agency for refusal to pay an insurance claim. (Doc 1-1). However, to allege a colorable bad faith claim,

---

[3] The Eleventh Circuit has held that "a document attached to a motion to dismiss may be considered by the court without converting the motion into one for summary judgment . . . if the attached document is: (1) central to the plaintiff's claim; and (2) undisputed[,] . . . meaning the authenticity of the document is not challenged." *Horsley v. Feldt*, 304 F.3d 1124, 1134 (11th Cir. 2002). The policy here is undoubtedly central to Plaintiffs' Complaint and its authenticity has not been challenged.

9

a plaintiff must establish that there is an insurance contract between the parties and a breach by the defendants. *See Ex parte Alfa Mut. Ins. Co.*, 799 So. 2d 957, 962 (Ala. 2001) (citing *Nat'l Sec. Fire & Cas. Co. v. Bowen*, 417 So. 2d 179 (Ala. 1982). As previously explained, the Mordecai Agency is not a party to the insurance contract between Plaintiff Ann Payne and Defendant State Farm Fire and Casualty Company. (Doc. 3-1). Accordingly, Plaintiffs have not asserted a reasonably possible claim against the Mordecai Agency for a bad faith refusal to pay an insurance claim.

### ii.   Count II: Fraud, Count IV: Willful Misrepresentation, Count V: Reckless Misrepresentation, and Count VI: Negligent Misrepresentation

Plaintiffs further allege that the Mordecai Agency committed fraud and made willful, reckless, and negligent misrepresentations. (Doc. 1-1). Under Alabama law, the general elements of a fraud claim are: (1) a false representation; (2) the false representation concerns an existing, material fact; (3) the plaintiff relies on the false representation; and (4) the plaintiff suffers damage as a proximate result. *See Jarrard v. Nationwide Mut. Ins. Co.*, 495 So. 2d 584, 586 (Ala. 1986). "The pleader must state the time, the place, the contents or substance of the false representations, the fact misrepresented, and an identification of what has been obtained" from the pleader as a result of the fraud. *Robinson v. Allstate Ins. Co.*, 399 So. 2d 288, 290 (Ala. 1981). Similarly, for the Plaintiffs to succeed on their willful, reckless, and

negligent misrepresentation claims, Plaintiffs must demonstrate (1) a material fact misrepresentation; (2) made willfully, recklessly, or mistakenly to deceive; (3) the Plaintiffs reasonably relied on this; and (4) the Plaintiffs suffered damage as a proximate result. *See Bryant Bank v. Talmage Kirkland & Co.*, 155 So. 3d 231, 238 (Ala. 2014). For both fraud claims and claims involving willful, reckless, and negligent misrepresentations, the plaintiff's reliance on the misrepresentation must be reasonable considering the facts surrounding the transaction. *See AmerUs Life Ins. Co. v. Smith*, 5 So. 3d 1200, 1208 (Ala. 2008). A plaintiff who is capable of reading documents, but who does not read or investigate these documents in question cannot reasonably rely on a defendant's representations that contradict the document's written terms. *Id.*

Here, in their fraud count, Plaintiffs assert that "Defendants willfully misrepresented that upon the payment of premiums for the policies in question, providing for homeowner's benefits, that said benefits would be paid upon presentation and verification by the beneficiary to said contracts of coverage." (Doc. 1-1 ¶ 10). The Plaintiffs further state they "relied on the assertions made by the Defendants" (*Id.* ¶ 11) and that the Defendants "defrauded the plaintiff *when they refused to pay* the benefits . . . despite the assertions by the Defendants agents that said coverage would be paid" (*Id.* ¶ 12 (emphasis added)). Plaintiffs contend that they were damaged by this alleged fraud. (*Id.* ¶ 13.)

Plaintiffs do not allege that the Mordecai Agency gave false information about the existence of the policy or the contents of the policy that was sold to them. It is undisputed that there was an active homeowner's policy that insured the residence and personal property. (Doc. 3-3 at 2, 11.) Rather, based on the allegations in their Complaint, Plaintiffs could only be asserting an anticipatory fraud claim, meaning "one based upon a promise to act or not to act in the future." *Padgett v. Hughes*, 535 So. 2d 140, 142 (Ala. 1988). For this type of fraud, a plaintiff must allege the four general elements of fraud and "two additional elements must be satisfied: (5) [an allegation] that at the time of the misrepresentation, the defendant had the intention not to perform the act promised, and (6) [an allegation] that the defendant had an intent to deceive." *Id.*

Plaintiff's fraud claim suffers from several deficiencies. First, Plaintiffs have not adequately pled by asserting the time or the place that these alleged fraudulent misrepresentations were made. *See DGB LLC v. Hinds*, 55 So. 3d 218, 230 (Ala. 2010). But perhaps even more fundamentally, Plaintiffs have not alleged a false representation of an existing, material fact that they reasonably relied upon, and Plaintiffs have not alleged that Defendants had an intent not to perform the contract at the time a misrepresentation was made. Plaintiffs claim that Defendants "defrauded the plaintiff when they refused to pay the benefits of the contents coverage afforded in the policy, despite the assertions by the Defendants agents that

said coverage would be paid." (Doc. 1-1 ¶ 12.) As Plaintiffs further explain in their Response to the Mordecai Agency's Motion to Dismiss, they perceive the "omission of honoring [Plaintiffs'] claim [to] constitute fraud." (Doc. 10 at 8.) But anticipatory fraud requires a misrepresentation of a material fact that existed at the time the defendant promised to take future action. Here, Plaintiffs do not allege that Defendants promised to pay benefits at the time the contract was made and that this promise was fraudulent because Defendants never intended to pay benefits under any circumstance. Rather, Plaintiffs allege the fraud occurred when Defendants refused to pay benefits after Plaintiffs submitted a claim. This is not a fraud claim. It is a contract dispute. Specifically, it is a contract dispute over whether the Plaintiffs "presented and verified" their claim, as is required for a loss to be covered. (Doc. 3 at 12.) A mere failure to perform a contract is not fraud. *See Hearing Sys., Inc. v. Chandler*, 512 So. 2d 84, 87 (Ala. 1987).

As with any insurance policy, there are conditions that must be met before benefits are disbursed. Here, the Policy explicitly has a section entitled "Conditions" and a subsection entitled "Your Duties After Loss" that assigns duties that the insured must perform after a loss. (Doc. 3-1 at 39–42.) The policy also expressly lists losses that are covered and losses that are not covered. (Doc. 3-1 at 31–37). Thus, any representations by the Mordecai Agency that "coverage would be paid" (Doc. 1-1 ¶ 12) cannot reasonably be construed to mean that any claim would be

13

paid unconditionally. *See Lane v. Allstate Ins. Co.*, 6:10-CV-02141-LSC, slip op. at 12 (N.D. Ala. Dec. 3, 2010). And if Plaintiff thought any claim submitted would be paid regardless of the circumstances, it was not reasonable to think this. Accordingly, Plaintiff has failed to assert a possible claim against the Mordecai Agency for fraud.

Similarly, Plaintiffs have failed to assert a claim against the Mordecai Agency for a willful, reckless, or negligent misrepresentation. In these Counts, Plaintiffs assert that they justifiably relied on the Mordecai Agency's representation that they had "full homeowner's coverage for residence and contents coverage" (Doc. 1-1 ¶¶ 23, 28, 32) but that "Defendant . . . refused to pay the available coverage amount despite the demands for payment" (*Id.* ¶¶ 22, 27). As explained above, Defendants do not contest that Plaintiffs had a homeowner's insurance policy covering the residence and personal contents. The policy clearly provides this coverage. (Doc. 3-1 at 11.) The dispute here centers on whether Defendants' "refus[al] to pay the available coverage amount" was justified. (Doc. 1-1 ¶¶ 22, 28.) This dispute sounds in breach of contract. There is no material fact misrepresentation that Plaintiffs reasonably relied on at the time the policy was purchased. Plaintiffs have failed to assert a possible claim against the Mordecai Agency for willful, reckless, or negligent misrepresentation.

Because Plaintiff cannot state any reasonably possible claim against the Mordecai Agency, the Mordecai Agency was fraudulently joined in this action and is due to be dismissed as a defendant. The Court thus has subject matter jurisdiction over the claims against State Farm and now evaluates its Motion to Dismiss.

### B. State Farm's Motion to Dismiss

With the stipulation that Count VII: Outrage is due to be dismissed against State Farm (Doc. 11 at 13–14; Doc. 15 at 9), the only remaining claims against State Farm are Count I: Breach of Contract, Count II: Fraud, Count III: Bad Faith/Refusal to Pay a Claim, Count IV: Willful Misrepresentation, Count V: Reckless Misrepresentation, and Count VI: Negligent Misrepresentation.

To withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a complaint "must plead enough facts to state a claim to relief that is plausible on its face." *Ray v. Spirit Airlines, Inc.*, 836 F.3d 1340, 1347–48 (11th Cir. 2016) (quoting *Twombly*, 550 U.S. at 570) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Stated another way, the factual allegations in the complaint must be sufficient to "raise a right to relief above the speculative level." *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010). "[P]leadings that . . . are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679.

A complaint that "succeeds in identifying facts that are suggestive enough to render [the necessary elements of a claim] plausible" will survive a motion to dismiss. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1296 (11th Cir. 2007) (quoting *Twombly*, 550 U.S. at 556) (internal quotation marks omitted).

At the outset, the Court notes that Plaintiffs' allegations in all the remaining counts are identical to those asserted against the Mordecai Agency. All counts were asserted against both the Mordecai Agency and State Farm. (Doc. 1-1.) Therefore, Plaintiffs' fraud and willful, reckless, and negligent misrepresentation claims are deficient for the same reason. Plaintiffs have failed to plead with the requisite particularity in making a fraud claim, as Plaintiffs have not asserted the time or place where any fraudulent representations were made. *See DGB LLC*, 55 So. 3d at 230. Further, for both the fraud and the willful, reckless, and negligent misrepresentation claims, Plaintiff has not asserted any misrepresentation of an existing, material fact. And for the fraud claim, Plaintiff has not shown that at the time of any misrepresentation that Defendants did not intend to perform the contract. As discussed more thoroughly above, Plaintiffs are impermissibly attempting to transform a breach of contract action into a fraud or misrepresentation action. Plaintiffs have not identified any material fact misrepresentations that they reasonably relied on, and therefore these claims are due to be dismissed.

16

Regarding Plaintiffs' claims against State Farm for breach of contract and bad faith, Plaintiffs' claims are also deficient, albeit for a different reason than Plaintiffs' claims against the Mordecai Agency. For the Plaintiffs to prove a breach of contract claim, the plaintiff "must establish: (1) the existence of a valid contract binding the parties; (2) the plaintiff's performance under the contract; (3) the defendant's nonperformance; and (4) damages." *Capmark Bank v. RGR, LLC*, 81 So. 3d 1258, 1267 (Ala. 2011). Unlike the Mordecai Agency, it is undisputed that State Farm was a party to the insurance contract. Therefore, Plaintiffs have established the first element of a breach of contract claim as to State Farm. Plaintiffs have also sufficiently alleged that State Farm did not perform the contract, as they allege that State Farm has not paid out benefits under the policy (Doc. 1-1 ¶ 6), and that they were damaged as a result (*Id.* ¶ 8).

However, Defendant State Farm argues that Plaintiffs' breach of contract claim is deficient because Plaintiffs have failed to allege their own performance under the contract. (Doc. 4 at 6–7.) The Court agrees. In their Complaint, Plaintiffs alleged that "all premiums were paid and said insurance was in full force and effect." (*Id.* ¶ 5.) But Plaintiffs did not allege that they complied with all the requirements to present and verify a claim under the policy's "Your Duties After Loss" section. (Doc. 3-1 at 39.) As required in this section of the policy, after a loss an insured must: give immediate notice, protect the property from further damage, inventory the damaged

personal property, submit sworn proof of loss within sixty days, etc. (*Id.*) Plaintiffs attempt to cure this deficiency in their Response to State Farm's Motion to Dismiss by stating that they "fulfilled every obligation in the processing of this claim by providing all documentation requested by State Farm; in particular, the evidence of contents damages (the basis of this case at bar) that Payne spent months meticulously providing and re-providing to State Farm." (Doc. 11 at 4 (cleaned up).) Plaintiffs further attached an inventory of damaged personal property to their Response, detailing the lost items in quantity, description, age, replacement cost, and amount of loss. (Doc. 11-4). But while Plaintiff's Response, demonstrates that they may be able to state a claim against State Farm for breach of contract, it does not cure the facially deficient complaint. Accordingly, Plaintiffs have not stated a claim against State Farm for breach of contract.

For the same reason, Plaintiffs have not stated a bad faith claim against State Farm. A bad faith claim requires a plaintiff to prove:

> (a) an insurance contract between the parties and **a breach thereof** by the defendant;
> (b) an intentional refusal to pay the insured's claim;
> (c) the absence of any reasonably legitimate or arguable reason for that refusal (the absence of a debatable reason);
> (d) the insurer's actual knowledge of the absence of any legitimate or arguable reason;
> (e) if the intentional failure to determine the existence of a lawful basis is relied upon, the plaintiff must prove the insurer's intentional failure to determine whether there is a legitimate or arguable reason to refuse to pay the claim.

*Nat'l Sec. Fire & Cas. Co.*, 417 So. 2d at 183 (emphasis added). As Plaintiffs have not sufficiently alleged a breach of the insurance contract, Plaintiffs have not stated a claim for bad faith.

Although Plaintiffs' Complaint, as currently written does not state a claim for breach of contract or bad faith against State Farm, in an abundance of caution, the Court will allow Plaintiffs twenty (20) days to amend the Complaint to state a cognizable claim, if they can do so. If Plaintiffs do not sufficiently amend the Complaint, then upon further motion, the Court will dismiss this action.

## IV. CONCLUSION

For the reasons stated above, the Court has subject matter jurisdiction over this matter. Accordingly, Plaintiffs' Motion to Remand (Doc. 12) is due to be **DENIED**, and Defendant Mordecai Agency's Motion to Dismiss (Doc. 3) is due to be **GRANTED**. The Court will allow Plaintiffs twenty (20) days to amend the Complaint to state a cognizable claim against Defendant State Farm, if they can do so. If Plaintiffs do not sufficiently amend the Complaint, then upon further motion, the Court will dismiss this action. Defendants' Motion to Strike Plaintiffs' Reply to Defendants' Response to Plaintiffs' Motion to Remand (Doc. 19) is **MOOT**. The Court will enter an Order consistent with this Memorandum of Opinion.

**DONE** and **ORDERED** on November 27, 2023.

---

L. Scott Coogler
United States District Judge

215755