IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| ANN PAYNE and DANIELLE WELDEN,<br><br>　　Plaintiffs,<br><br>　vs.<br><br>STATE FARM FIRE AND CASUALTY COMPANY, *et al.*,<br><br>　　Defendants. | )<br>)<br>)<br>)<br>)　　7:23-cv-01193-LSC<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM OF OPINION AND ORDER**

Before this Court is Defendant State Farm Fire and Casualty Company's Motion to Dismiss Plaintiffs Ann Payne and Danielle Welden's Amended Complaint. (Doc. 26.) The Amended Complaint claims breach of contract and bad faith. (Doc. 25.)

Under Rule 8, a pleading must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In evaluating the sufficiency of a complaint, this Court first "identif[ies] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. This Court then "assume[s] the[] veracity" of the complaint's "well-pleaded factual allegations" and "determine[s] whether they

plausibly give rise to an entitlement to relief." *Id*. Review of the complaint is "a context-specific task that requires [this Court] to draw on its judicial experience and common sense." *Id*. If the pleading "contain[s] enough information regarding the material elements of a cause of action to support recovery under some 'viable legal theory,'" it satisfies the notice pleading standard. A*m. Fed'n of Labor & Cong. of Indus. Orgs. v. City of Miami*, 637 F.3d 1178, 1186 (11th Cir. 2011) (quoting *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683–84 (11th Cir. 2001)).

"The elements for a breach-of-contract claim under Alabama law are (1) a valid contract binding the parties; (2) the *plaintiffs' performance under the contract*; (3) the defendant's nonperformance; and (4) resulting damages." *Dupree v. PeoplesSouth Bank*, 308 So. 3d 484, 490 (Ala. 2020) (quoting *Shaffer v. Regions Fin. Corp.*, 29 So. 3d 872, 880 (Ala. 2009)) (emphasis added). A bad faith claim requires a plaintiff to prove:

> (a) an insurance contract between the parties and *a breach thereof* by the defendant;
> (b) an intentional refusal to pay the insured's claim;
> (c) the absence of any reasonably legitimate or arguable reason for that refusal (the absence of a debatable reason);
> (d) the insurer's actual knowledge of the absence of any legitimate or arguable reason;
> (e) if the intentional failure to determine the existence of a lawful basis is relied upon, the plaintiff must prove the insurer's intentional failure to determine whether there is a legitimate or arguable reason to refuse to pay the claim.

*Nat'l Sec. Fire & Cas. Co. v. Bowen*, 417 So. 2d 179, 183 (Ala. 1982) (emphasis added).

In support of its Motion to Dismiss, Defendant contends that Plaintiffs' breach of contract claim is due to be dismissed because Plaintiffs failed to allege their own performance under the contract and that Plaintiffs' bad faith claim is due to be dismissed because they have not alleged breach of contract. (Doc. 26 at 5, 8.) Specifically regarding the breach of contract claim, Defendant argues that Plaintiffs failed to allege their own performance of the following contractual obligations: 1) preparing an inventory that cataloged the *age* of the damaged property; 2) "attaching all bills, receipts, and related documents that substantiate the figures in the inventory"; and 3) "'provid[ing] [State Farm] with any requested records and documents and allow[ing] [State Farm] to make copies,' among other duties." (Doc. 26 at 6 –7 (quoting Doc. 4-1 at 39).)[1]

First, the Court disagrees that Plaintiffs did not allege that they provided State Farm with all the required documentation, as well as fulfilling other "duties" under the contract. Plaintiffs specifically allege that "Payne has fulfilled every obligation in the processing of this claim by providing all documentation requested by State

---

[1] The Eleventh Circuit has held that "a document attached to a motion to dismiss may be considered by the court without converting the motion into one for summary judgment . . . if the attached document is: (1) central to the plaintiff's claim; and (2) undisputed[,] . . . meaning the authenticity of the document is not challenged." *Horsley v. Feldt*, 304 F.3d 1124, 1134 (11th Cir. 2002). The attached insurance policy and property inventory are undoubtedly central to Plaintiffs' Complaint and the authenticity has not been challenged.

Farm" (Doc. 24 ¶ 17) and that "Plaintiffs have complied with their contractual obligations" (*Id.* ¶ 19). Whether Plaintiffs did in fact provide all required documents and did in fact perform other required duties is a question for summary judgment or trial. At this juncture, Plaintiffs' allegations are sufficient.

In terms of providing State Farm with an inventory cataloging the age of the damaged property, it is undisputed that Plaintiffs did provide State Farm with an inventory of damaged property. (Doc. 11-4; Doc. 26-1.) This inventory accounts for the loss of 441 items. The age is provided for 70 of the 441 items. While the age is not provided for the remainder of the items, in "establish[ing] its own performance for purposes of a breach of contract claim, a plaintiff need not show full performance but only substantial performance." *ECR Props., LLC v. Camden Cnty. Development, LLC*, 998 F. Supp. 2d 1295, 1304 (M.D. Ala. 2014) (first citing *Miles v. Moore*, 79 So.2d 432, 435 (Ala. 1955); then citing *Bentley Sys., Inc. v. Intergraph Corp.*, 922 So.2d 61, 90, 93 (Ala. 2005)). "Whether a party has substantially performed a promise under a contract is a question of fact to be determined from the circumstances of each case." *Bay City Const. Co., Inc. v. Hayes*, 624 So.2d 1031, 1034 (Ala. 1993). The Court believes that the question of whether Plaintiffs' inventory satisfies their obligations under the contract is better suited for summary judgment or trial.

Accordingly, Defendant's Motion to Dismiss the Amended Complaint (Doc. 26) is DENIED. Defendant's earlier Motion to Dismiss (Doc. 4) is MOOT. Plaintiff's Motion to Strike the Reply Brief (Doc. 29) is also DENIED. Defendant is directed to file an answer to the Amended Complaint within fourteen (14) days of this Order.

**DONE** and **ORDERED** on January 23, 2024.

L. Scott Coogler
United States District Judge

215755